## Sarah H. Edwards v. William Harness et al.

1. BURDEN OF PROOF—*Statute of Limitations.*—In an action against the estate of a deceased person, the burden is upon the plaintiff to show the nature and amount of his claim, and that deceased was indebted to him, by a preponderance of the evidence, and when the statute of limitations is pleaded and the evidence shows that if any indebtedness exists it is beyond the statutory period, the burden of proof is also upon him to prove a new promise within the period of the statute.

Assumpsit.— Consolidated common counts.   Error to the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding.   Heard in this court at the November term, 1899.   Affirmed. Opinion filed February 27, 1900.

FRANK B. McKENNAN, attorney for plaintiff in error; OWEN T. REEVES, of counsel.

FIFER & BARRY, attorneys for defendants in error.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the Court.

Plaintiff in error brought suit against the estate of Isaac Harness, her deceased brother, to recover her share of her father's property, who died in 1840, and of whose estate Isaac Harness was administrator.   Also for rents and profits received by Isaac Harness, as tenant in common in possession of lands of the estate of the father of Jacob Harness, and for the proceeds of lands sold, all of which it was alleged went into the hands of Isaac in his lifetime, and which he had kept for and promised to pay to plaintiff in error.   To the declaration was pleaded the general issue, and the five year statute of limitations, to which latter was replied a new promise within five years.   The issues thus formed were tried by jury, resulting in a verdict for the defendants, and after overruling a motion for new trial the court gave judgment against the plaintiff in bar of action, to reverse which this writ of error is prosecuted.

The burden of proof was upon the plaintiff in error to show the nature and amount of her claim and that deceased was indebted to her, by a preponderance of the evidence; and the statute of limitations having been pleaded, and the evidence showing that if any indebtedness existed it was beyond the period of limitation, the burden of proof was also upon her to prove a new promise within the period of five years next before the commencement of the suit. Upon an examination of the evidence we feel warranted in the conclusion there was a failure in these essential points, and are disposed to accept the verdict of the jury as decisive of those questions, there being no prejudicial errors in the admission or rejection of evidence. We think the instructions considered as a whole as fairly announced the principles of the law applicable to the issues being tried as the rights of the plaintiff demanded, and in this respect there was no material or prejudicial error.

Finding no reversible error the judgment of the Circuit Court will be affirmed.